■ BELLA WEINREB, Appellant, v CITY OF NEW YORK, Respondent. [597 NYS2d 432] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated June 24, 1992, which, inter alia, (1) denied the plaintiff's motion for leave to amend the notice of claim and for sanctions against the defendant for failing to produce subpoenaed documents or for partial summary judgment, and (2) granted

the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the defendant's cross motion, and substituting therefor a provision denying the defendant's cross motion and reinstating the plaintiff's complaint, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was to amend the notice of claim, and substituting therefor a provision granting leave to amend the notice of claim; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the proposed amended notice of claim is deemed served.

On March 17, 1991, the plaintiff fell on the sidewalk in front of 1448 58th Street in Brooklyn. The plaintiff's complaint alleged that she fell as the result of a dangerous, defective, and unsafe condition in the sidewalk. To satisfy the prior written notice requirement of the Administrative Code of the City of New York § 7-201 (c), the plaintiff relied on city street maps filed with the New York City Department of Transportation by the Big Apple Pothole & Sidewalk Protection Corporation (hereinafter Big Apple), which showed a defective condition in the sidewalk where the plaintiff claims she fell. However, the Big Apple maps did not show a property designated as 1448 58th Street, and the plaintiff concedes that the maps incorrectly designated the property known as 1448 58th Street as 1450 and 1452 58th Street. The plaintiff submitted proof that there is no property located on 58th Street with the address 1450 or 1452.

Subsequently, the plaintiff moved to amend her notice of claim and pleadings to further particularize the location of the accident as "1448—58th Street—said location being the same as the circled building on the enclosed Big Apple map, which the map lists it as being 1450 and 1452—58th Street, Brooklyn, New York". Additionally, the plaintiff moved for sanctions against the City of New York for failure to produce subpoenaed documents and for partial summary judgment on the issue of negligence.

The City of New York cross-moved for summary judgment dismissing the plaintiff's complaint on the ground that there was no prior written notice of the alleged defective condition of the sidewalk. Upon its determination that the City of New York had not received prior written notice, the Supreme Court granted the City of New York's cross motion and dismissed the plaintiff's complaint. The Supreme Court denied all branches of the plaintiff's motion.

We disagree with the Supreme Court and find that the Big Apple maps gave the City of New York notice of the defective condition which the plaintiff alleged caused her injuries. It is well settled that Big Apple maps filed with the New York City Department of Transportation serve as prior written notice to the city of the defective conditions indicated on the maps *(see, Acevedo v City of New York,* 128 AD2d 488, 489; *Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso,* 110 Misc 2d 688). Further, the Administrative Code does not set forth any requirements for the specificity of the notice. Therefore, since the prior notice law is a derogation of the common law and must be strictly construed against the City of New York, a notice is sufficient if it " 'brought the particular condition at issue' to the attention of the authorities" *(Holt v County of Tioga,* 95 AD2d 934, 935, quoting *Brooks v City of Binghamton,* 55 AD2d 482, 483-484; *see also, Pier v Pavement Resource Mgrs.,* 144 AD2d 803, 804).

In the present case, although the maps incorrectly labeled the property in front of which the plaintiff fell, the City of New York, upon inspection, would have been able to locate the defective condition which caused the plaintiff's injuries by comparing the location with the Big Apple map. Thus, the City of New York had sufficient notice of the defective condition as required by the New York City Administrative Code, and the Supreme Court erred in granting the defendant's motion for summary judgment and dismissing the plaintiff's complaint.

However, the Supreme Court properly denied that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability. Administrative Code § 7-201 (c) (2) provides that a civil action shall not be maintained against the city for personal injuries resulting from a defective condition of a sidewalk or street, unless the city failed to repair the defective condition within 15 days after receiving notice of the condition. The 15-day requirement is merely a condition precedent to the commencement of an action against the city, and the city is only liable for injuries resulting from defective conditions which it failed to repair within a reasonable time after receiving written notice of the defective condition *(cf., Ostermeier v Victorian House,* 126 Misc 2d 46; *Spackman v City of New York,* NYLJ, July 16, 1991, at 22, col 6). In the present case, a triable issue of fact exists regarding the City of New York's reasonableness in failing to repair the defective condition after the expiration of 15 days. Moreover, an issue of fact exists as to whether the plaintiff's injuries were caused

by one of the defective conditions contained in the notice to the city. Thus, summary judgment on the issue of liability is inappropriate. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.