■ Nancy Camacho et al., Appellants, v City of New York, Respondent. [630 NYS2d 557] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Ramirez, J.), dated March 23, 1994, which granted the defendant's motion made during trial at the close of the entire case for judgment as a matter of law dismissing the complaint, and (2) a judgment of the same court, dated April 29, 1994, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because it merely memorializes a trial ruling and is not appealable as of right *(cf., Katz v Katz,* 68 AD2d 536, 541-542). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [3]).

The injured plaintiff described the defect which allegedly caused her injuries as a "hole * * * about three feet wide by about three feet long by about one foot deep". To establish the defendant's awareness of the existence of this condition, the plaintiffs produced a map prepared by the Big Apple Pothole and Sidewalk Protection Corporation, which had been marked with a straight line in an area which corresponded to the location of the accident. This notation indicated the presence of a "raised portion of sidewalk sufficient to cause hazard". We agree with the Supreme Court that the defendant's knowledge of the map which indicated the existence of a raised sidewalk at the location in question was insufficient to constitute notice of the particular defect which actually caused the accident (see generally, Weinreb v City of New York, 193 AD2d 596).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.