*243 OPINION OF THE COURT
Ciparick, J.
On February 13, 1988, plaintiff tripped on an alleged defect in the sidewalk on Second Avenue between East 71st and East 72nd Street in Manhattan, causing her to fall and suffer injury. In an attempt to comply with the statutory condition precedent of prior written notice, plaintiff filed a map dated June 5, 1986 with the City of New York depicting the defect that purportedly caused her fall. Supreme Court granted defendant’s trial motion for a directed verdict and dismissed the complaint when the City produced a "successor” map, dated November 4, 1987, that did not show any defect in the area of plaintiff’s accident, ruling that plaintiff failed to satisfy the prior written notice requirement. The question presented on this appeal is whether the earlier map can legally satisfy the statutory requisite of prior written notice. We conclude, in the factual circumstances presented, that it cannot and therefore affirm the order of the Appellate Division.
Administrative Code of the City of New York § 7-201 (c) limits the City’s duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location (see generally, Poirier v City of Schenectady, 85 NY2d 310, 314). As recognized by plaintiff, prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City (see, Poirier v City of Schenectady, 85 NY2d, at 313, supra; Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 633-634). The failure to demonstrate prior written notice leaves plaintiff without legal recourse against the City for its purported nonfeasance or malfeasance in remedying a defective sidewalk. Because this prior written notice provision is a limited waiver of sovereign immunity, in derogation of common law, it is strictly construed (see, Laing v City of New York, 71 NY2d 912, 914; Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366).
Maps prepared by Big Apple Pothole and Sidewalk Protection Committee, Inc. and filed with the Department of Transportation serve as prior written notice of defective conditions depicted thereon (see, Weinreb v City of New York, 193 AD2d 596, 598; Acevedo v City of New York, 128 AD2d 488, 489; Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso, 110 Misc 2d 688, 691, affd no opn 86 AD2d 986, lv *244 denied 56 NY2d 507). While admitting that it was served with the map dated June 5, 1986, the City argued in support of its motion for a directed verdict that plaintiff could not rely on an obsolete map which unrefuted trial testimony established was superseded by a map dated November 4, 1987. Based on Big Apple’s policy that subsequent, successor maps supersede earlier maps,* Supreme Court found that the notice the City must receive — and upon which it can rely — is the most recent map received from Big Apple prior to an accident allegedly caused by a defect identified on the map.
Concededly, at the time it was filed, the June 5, 1986 map provided notice of defects in the vicinity of plaintiff’s accident. Contrary to plaintiff’s contention, however, this does not shift the burden to the City to show that the defective condition noticed in the June 5, 1986 map was remedied. Nor does it impose a greater burden on plaintiff, as the dissent suggests. As a threshold matter, it is plaintiff’s burden to demonstrate prior written notice of the defect that purportedly caused her accident some 20 months later. Thus, whether Big Apple mistakenly gave plaintiff only one map or plaintiff’s search was insufficient or erroneous is irrelevant; the threshold inquiry is whether plaintiff complied with the notice statute, not whether plaintiff made a good-faith attempt to provide notice. Plaintiff cannot create a fact issue on appeal by arguing that the jury must decide which of the maps controls when she failed to controvert the trial testimony that a subsequently filed map supersedes a previously filed one, especially where the maps are independent records prepared by Big Apple, equally available to all litigants.
We conclude that the City properly requires that prior notice be traced to the most current Big Apple map on file, i.e., the map that is closest in time to the date a defect is alleged to have caused an accident. Given the Department of Transportation’s mandate to maintain all written notices for three years from the date of receipt and thereafter preserve them in the municipal archives for not less than 10 years {see, Administrative Code § 7-201 [c] [3]), a policy that traces notice to the latest dated map diminishes the potential for an arbitrary, selective search of recorded notices. As a practical matter, such a policy *245 is logical based not only on the mechanics of Big Apple’s filing system but also on the reasonable expectation that in the event two Big Apple maps depict the same area and both predate plaintiff’s accident, the later dated map most accurately portrays the area on the date of the accident, factors the dissent fails to address. Thus, requiring a search to proceed from the most current notices back to older notices at once accords the prior written notice provision the strict construction it is due and ensures a fair search of the records.
Finally, it is of no legal consequence that the City did not present any records documenting a repair in the area in question since plaintiff failed to satisfy the condition precedent necessary to proceed with this action.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 Although plaintiff’s counsel represented that he would produce a witness from Big Apple to contradict the testimony elicited from the employee of the Prior Notification Unit of the Department of Transportation that a subsequent map filed by Big Apple supersedes a previously filed map, plaintiff failed to do so.