■ JEANIE MARTIN, Respondent, v PASTERNACK, POPISH & REIFF, P. C., Appellant. [686 NYS2d 475] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated February 27, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In order to hold a defendant liable in a legal malpractice action, the plaintiff must show that she would have prevailed in the underlying matter if the defendant had exercised reasonable care (*see, Raphael v Clune, White & Nelson,* 201 AD2d 549, 550; *Flinn v Aab,* 167 AD2d 507). The plaintiff has failed to show that but for the alleged negligence of the defendant she would have been successful in the underlying matter.

In the underlying negligence matter the plaintiff alleged that she slipped and fell on an icy condition in a parking garage that was partially exposed to the elements. Since the accident occurred while sleet and rain was still in progress, the owner of the premises cannot be held liable for the allegedly hazardous condition caused by the precipitation (*see, Kay v Flying Goose,* 203 AD2d 332). Furthermore, the plaintiff's claim that the icy condition was caused by a drip in the ceiling is insufficient to establish a prima facie case of negligence in the absence of any proof of the origin of the icy condition or proof that the owner had notice of or sufficient time to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Fuks v New York City Tr. Auth.,* 243 AD2d 678; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.