■ Saivon Johnson, Respondent, v City of New York, Appellant. [720 NYS2d 124] —Judgment, Supreme Court, Bronx County (Janice Bowman, J.), entered May 24, 1999, which, upon a jury verdict reduced pursuant to plaintiff's stipulation, awarded plaintiff damages for injuries sustained when she tripped and fell by reason of a sidewalk defect, unanimously affirmed, without costs.

Despite the inadvertent error in plaintiff's notice of claim respecting the date of her accident, defendant City acquired timely actual notice of the correct date of the accident by means of two letters to the Department of Transportation and the complaint, all served within the statutory 90-day period. Additional documents, consisting of plaintiff's bill of particulars and examination before trial, clearly indicated the correct date of accident, thereby obviating any prejudice to the City by reason of the initial mistake (*see, Miranda v New York City Tr. Auth.*, 262 AD2d 199; *Poitier v New York City Hous. Auth.*, 199 AD2d 11).

Defendant's reliance upon *Katz v City of New York* (87 NY2d 241) and *Camacho v City of New York* (218 AD2d 725) is unavailing where, as here, examination of the latest "Big Apple" map at the time of plaintiff's accident reveals not one, but three symbols at the location of the accident, two depicting

"raised portions of sidewalk sufficient to cause hazard," and one a "hole or hazardous depression," all within close proximity of each other. This map complied with the City's prior written notice requirement, and the issue of whether this map gave notice of the particular condition or defect alleged was properly submitted to the jury for determination (*see, David v City of New York*, 267 AD2d 419).

Finally, the complained of defect was not trivial and the jury verdict, as reduced, did not deviate materially from what is reasonable compensation under the circumstances. Concur—Mazzarelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.