◾ LUCY PATANE, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [727 NYS2d 114] —In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), entered August 24, 1999, as, upon denying its motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, and upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $131,250.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the motion is granted to the extent that a new trial is granted as against the appellant.

The plaintiff allegedly sustained physical injuries as a result of a fall on a defective Brooklyn sidewalk. The appellant City of New York had received prior written notice of "an extended section of uneven sidewalk" at the specified location via its receipt of a Big Apple Pothole & Sidewalk Protection Corpora-

tion "pothole map" (*see, Katz v City of New York,* 87 NY2d 241, 243). At trial, the plaintiff testified that the sidewalk defect that caused her fall was "a big crack about a yard long," with a central hole that measured ten inches in length by three inches in width. The plaintiff, who had a limited command of the English language, frequently referred to the relevant sidewalk defect simply as a hole. Although the plaintiff steadfastly maintained that this hole was the sole cause of her fall, there was also evidence suggesting that the plaintiff's accident may have been caused by a slip on snow or ice.

At the close of evidence, counsel for the City moved to dismiss the complaint, arguing that the City had not received prior written notice of the actual defect that caused the plaintiff's accident. Counsel contended, in effect, that the plaintiff's testimony demonstrated that the hole that caused her fall was not the same "extended section of uneven sidewalk" of which the City had admittedly received prior notice, and thus there was a failure of notice as a matter of law. The City also requested a municipal snow and ice charge to instruct the jury that to the extent it might conclude that the plaintiff's fall was caused by a slip on snow during an ongoing storm, the City could not be held liable therefor. The court denied both applications. The jury returned a verdict in favor of the plaintiff and against the City and the abutting landowner. The City now appeals from so much of the judgment as is in favor of the plaintiff and against it.

Contrary to the City's contentions, the Supreme Court properly denied its motion for judgment as a matter of law at the close of evidence due to the alleged absence of prior notice. Because the requirement that the City must receive prior written notice before liability may be imposed is a limited waiver of sovereign immunity in derogation of the common law, it is strictly construed (*see, Katz v City of New York, supra*; *Weinreb v City of New York,* 193 AD2d 596). "[T]he Administrative Code does not set forth any requirements for the specificity of the notice. Therefore * * * a notice is sufficient if it ' "brought the particular condition at issue" to the attention of the authorities' " (*Weinreb v City of New York, supra,* at 598; accord, *Brown v City of New York,* 95 NY2d 389). In the instant case, while the plaintiff testified that she fell as a result of a hole in the sidewalk, she also described the defect as a "big crack about a yard long," with a deeper hole in the center. Whether this defect was the same "extended section of uneven sidewalk" of which the City received prior written notice as described in the "pothole map" was, under the circumstances at bar, an issue of

fact for the jury's resolution (*see, Johnson v City of New York,* 280 AD2d 271; *David v City of New York,* 267 AD2d 419).

The instant case is clearly distinguishable from *Camacho v City of New York* (218 AD2d 725), upon which the City relies. In Camacho, the evidence clearly established, as a matter of law, that the "raised portion of sidewalk" of which the City had received prior notice was not the same as the "hole * * * about three feet wide by about three feet long by about one foot deep" to which that plaintiff attributed her fall (*Camacho v City of New York, supra,* at 726; *see also, Fraser v City of New York,* 226 AD2d 424; *Curci v City of New York,* 209 AD2d 574; *Waldron v City of New York,* 175 AD2d 123). In this case, however, the variance between the prior notice and the plaintiff's description of the causative defect was not so great. Thus, the evidence did not establish as a matter of law that the defective condition about which the plaintiff testified was different from that of which the City received prior notice. Thus, the issue would have been for the jury had the City requested such a charge (*see, Johnson v City of New York, supra; David v City of New York, supra*). Since the City did not do so, but rather moved for judgment as a matter of law, the Supreme Court correctly denied this motion. Nevertheless, upon retrial, an appropriate jury instruction should be given if requested and warranted.

The Supreme Court erred in denying the City's request for a municipal liability snow and ice charge (*see,* PJI 2:225A). There was ample evidence from which the jury could have inferred that snow may have contributed to the plaintiff's fall, in addition to the sidewalk defect. The meteorological evidence demonstrated that approximately nine inches of snow had fallen as of the time of the plaintiff's accident and she admitted that there was snow on the ground. While the plaintiff adamantly denied at trial that snow on the sidewalk concealed the sidewalk defect or in any other way contributed to her accident, a medical report in evidence established that the plaintiff apparently told her treating physician that she slipped on ice. Inasmuch as the City could not have been cast in liability for its failure to remove the still falling snow (*see, Ortiz v Long Is. R. R.,* 270 AD2d 400; *Bell v New York City Hous. Auth.,* 269 AD2d 412; *Martin v Pasternack, Popish & Reiff,* 259 AD2d 526; *Kay v Flying Goose,* 203 AD2d 332), the jury should have been instructed accordingly (*see, Nahmias v Concourse 163rd St. Corp.,* 41 AD2d 719; *Buckley v 2570 Broadway Corp.,* 12 AD2d 473; *Galvano v S. Klein, Inc.,* 257 App Div 989; *Deufel v Long Is. City,* 19 App Div 620).

In light of our determination, we need not address the parties' remaining contentions. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.