■ GLORIA QUINN, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Appellant, et al., Defendants. [761 NYS2d 231] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Demarest, J.), entered June 7, 2002, as, upon the denial of its motion pursuant to CPLR 4401 to dismiss the complaint as a matter of law at the close of the plaintiffs' case and upon a jury verdict, is in favor of the plaintiff Gloria Quinn and against it in the principal sum of $175,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability in accordance herewith, with costs to abide the event.

On the afternoon of February 20, 1997, the injured plaintiff, Gloria Quinn, allegedly sustained injuries when she tripped on the sidewalk in front of a house owned by the defendants John Xavier Tracy and Carol Tracy (hereinafter collectively the homeowners), in Brooklyn. Mrs. Quinn and her husband commenced this action against the City of New York and the homeowners. At the close of the plaintiffs' case, upon motion of the homeowners, the action was dismissed insofar as asserted against them, and the cross claim asserted by the City against them was discontinued without opposition. The City moved to dismiss the action insofar as asserted against it on the ground that the map submitted to the New York City Department of Transportation by the Big Apple Sidewalk Protection Corporation (hereinafter Big Apple), which allegedly established prior written notice of the sidewalk defect, did not depict the defect that caused the injured plaintiff's fall. The motion was denied, and the jury rendered a verdict in favor of the injured plaintiff and against the City in the principal sum of $175,000, and awarded $0 to her husband.

On appeal, the City challenges the denial of its motion to dismiss, and also contends that it is entitled to a new trial because the jury instructions confused the jury and the trial

court improperly charged the jury on the issue of constructive notice. Prior written notice of a sidewalk defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City under the Administrative Code of the City of New York § 7-201 (c) (*see Katz v City of New York,* 87 NY2d 241, 243 [1995]; *David v City of New York,* 267 AD2d 419 [1999]; *Weinreb v City of New York,* 193 AD2d 596, 598 [1993]). It is well settled that Big Apple's maps submitted to the Department of Transportation may serve as prior written notice of a defective condition (*see Katz v City of New York, supra; Patane v City of New York,* 284 AD2d 513 [2001]; *David v City of New York, supra*). Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by a jury (*see Patane v City of New York, supra* at 514-515; *David v City of New York, supra* at 420).

In the instant case, there was conflicting testimony as to whether the defect noted on the Big Apple map for the sidewalk in front of the homeowners' property, a "raised portion of sidewalk significant to cause hazard" corresponded with the defect described by the injured plaintiff and her grandson, who was with her at the time of her accident, and depicted in a series of photographs admitted into evidence. Therefore, the trial court properly left it to the jury to determine whether the map provided prior written notice of the defect that caused the accident.

The trial court, however, committed reversible error by charging PJI3d 2:225 in addition to the City's prior written notice statute, Administrative Code § 7-201 (c). PJI3d 2:225 incorporates the negligence standard for municipalities not governed by prior written notice statutes, and permits a jury to find a municipality negligent on a showing of actual or constructive notice. The court instructed, in accordance with PJI3d 2:225, in relevant part: "In order to find that the City of New York was negligent, you must find first that the City knew of the unsafe condition long enough before Mrs. Quinn's injury to have permitted the City in the use of reasonable care to have corrected it or to take other suitable precautions or to give adequate warning and it did not do so *or that the City of New York did not know of the condition, but in the use of reasonable care, should have known of it in time to have corrected it or taken other suitable precautions or given warning.* If you find that the City of New York did not know of the condition *and that by the use of reasonable care would not have been able*

*to discover and correct it* or if you find that the City of New York knew of the unsafe condition, but took suitable precautions or gave adequate warning, you will find that the City was not negligent" (emphasis added).

It is well settled that constructive notice of a sidewalk defect is not an exception to the requirement of prior written notice to a municipality (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *David v City of New York, supra* at 420). Not even actual notice obviates the need for prior written notice (*see Cenname v Town of Smithtown,* 303 AD2d 351 [2003]; *Bruni v City of New York,* 302 AD2d 545 [2003]; *Harvey v Monteforte,* 292 AD2d 420 [2002]). The court compounded the confusion as to the proper standard by permitting the plaintiffs' counsel to argue constructive notice during summation over the City's repeated objections. It is not possible to tell from the verdict sheet whether the jury based its finding of negligence on prior written notice or constructive notice. Because the issue of whether the Big Apple map constituted prior written notice of the alleged defect was strongly contested, the erroneous and confusing charge on conflicting notice requirements cannot be deemed harmless error, and the City is entitled to a new trial with respect to the claim of the injured plaintiff. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur. [As amended by unpublished order entered Sept. 26, 2003.]