■ CAROL GOLDMAN et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [778 NYS2d 719]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Spires, J.), entered July 8, 2003, which, upon a jury verdict in favor of the defendant City of New York and against them, and upon an order of the same court dated March 24, 2003, denying their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, dismissed the complaint, in effect, insofar as asserted against that defendant. The plaintiffs' notice of appeal from the order dated March 24, 2003, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

A jury verdict is entitled to great deference and should only be set aside as against the weight of the evidence when it could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Asaro v Micali,* 292 AD2d 552, 553 [2002]). Contrary to the plaintiffs' contention, a fair interpretation of the evidence supports the verdict in favor of the defendant City of New York. The jury reasonably could have concluded that the Big Apple Pothole & Sidewalk Protection Corporation map submitted by the plaintiffs as evidence of the City's prior written notice was illegible and therefore insufficient to bring the particular sidewalk defect at issue to the City's attention (*see Quinn v City of New York,* 305 AD2d 570, 571 [2003]; *Vasquez v City of New York,* 298 AD2d 187 [2002]; *see also Blas v R.M.H. Realty Corp.,* 5 AD3d 416 [2004]; *Patane v City of New York,* 284 AD2d 513, 514 [2001]; *David v City of New York,* 267 AD2d 419 [1999]). Smith, J.P., Krausman, Adams and Skelos, JJ., concur.