(September 27, 2011)

■ CAROL ADAMSON, Respondent, v CITY OF NEW YORK, Appellant. [930 NYS2d 232]—

On December 4, 2007, the plaintiff allegedly sustained personal injuries when she tripped and fell over a raised portion of a public sidewalk while walking in front of certain residences in Brooklyn (hereinafter the subject location). She commenced this action against the defendant, City of New York, alleging negligence for failing to maintain the sidewalk at the subject location in a reasonably safe condition. Following joinder of issue, the City moved for summary judgment dismissing the complaint, contending that it lacked prior written notice of the alleged sidewalk defect. It submitted, inter alia, a map prepared by the Big Apple Pothole & Sidewalk Protection Committee (hereinafter Big Apple) that was on file with the New York City Department of Transportation (hereinafter the DOT) dated February 2, 2004 (hereinafter the 2004 Map), which did not show any sidewalk defects at the subject location. In opposition, the plaintiff submitted a Big Apple map that was on file with the

DOT dated December 18, 2002 (hereinafter the 2002 Map), which showed, among other things, a raised or uneven portion of sidewalk at the subject location. The plaintiff also noted that both maps have identical stamps on them which read: "This map does not supersede any previously filed notice of a defective, unsafe, dangerous or obstructed condition." The Supreme Court denied the City's motion and, relying on these stamps, held, inter alia, that there were triable issues of fact as to whether the City had prior written notice of the sidewalk defect alleged to have caused the plaintiff's injuries. We reverse.

Prior written notice of a sidewalk defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Katz v City of New York*, 87 NY2d 241, 243 [1995]; *Bradley v City of New York*, 38 AD3d 581 [2007]). " 'The failure to demonstrate prior written notice leaves plaintiff without legal recourse against the City for its purported nonfeasance or malfeasance in remedying a defective sidewalk' " (*Cuccia v City of New York*, 22 AD3d 516, 516 [2005], quoting *Katz v City of New York*, 87 NY2d at 243). Further, Big Apple maps "are independent records prepared by Big Apple" and for the purposes of prior written notice, "the City properly requires that prior notice be traced to the most current Big Apple map on file, i.e., the map that is closest in time to the date a defect is alleged to have caused an accident" (*Katz v City of New York*, 87 NY2d at 244).

Here, the City demonstrated, prima facie, that it lacked prior written notice, as the 2004 Map did not show any sidewalk defects at the subject location, and the Supreme Court erred in determining that the plaintiff raised a triable issue of fact in response. Contrary to the plaintiff's contentions, even where a Big Apple map is stamped with a notation that it does not supersede any prior maps, it is nevertheless the map filed closest in time to the accident at issue that controls for the purpose of establishing prior written notice (*see Carvajal v City of New York*, 7 Misc 3d 509, 514 [2005]). Based upon the policy considerations identified by the Court of Appeals in *Katz*, to wit, the concerns relating to the mechanics of the filing system, the reasonable expectations of the parties, and the view that the later dated map most accurately portrays the area on the date of the accident (*see Katz v City of New York*, 87 NY2d at 244-245), the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.