■ FELIX RODRIGUEZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [59 NYS3d 429]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated February 4, 2016, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 9, 2013, the plaintiff allegedly fell due to a defect in the sidewalk abutting premises located on Barbey Street in Brooklyn. The plaintiff commenced this action against, among others, the City of New York. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the defect at issue. In support of the motion, the City submitted, among other things, transcripts of the deposition testimony and General Municipal Law § 50-h hearing testimony of the plaintiff, photographs of the accident site, and a Big Apple map with a "key to map symbols" served upon the New York City Department of Transportation in 2003. The plaintiff testified that the sidewalk was "broken" and that there was "something like a hole" in the sidewalk. He also identified the alleged defect using photographs which he stated accurately depicted the condition as it existed at the time of the accident. In opposition to the motion, the plaintiff contended that the Big Apple map constituted prior written notice of the defect since it contained a straight vertical line in the area where the accident occurred. According to the key to the Big Apple map symbols, a straight vertical line denoted a "[r]aised or uneven portion of sidewalk." The Supreme Court granted the City's motion.

"Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City" (*Daniels v City of New York*, 91 AD3d 699, 700 [2012]). "A Big Apple map submitted to the Department of Transportation may serve as prior written notice of a defective condition" (*Walker v Jenkins*, 137 AD3d 1014, 1015 [2016]; *see Katz v City of New York*, 87 NY2d 241, 243 [1995]; *Vertsberger v City of New York*, 34 AD3d 453, 455 [2006]; *Cassuto v City of New York*, 23 AD3d 423, 424 [2005]).

Here, in opposition to the City's demonstration of its prima

facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the plaintiff's contention, in light of the plaintiff's testimony and the photographic evidence, the vertical straight line contained in the Big Apple map did not provide notice of the specific condition which allegedly caused the plaintiff to fall (*see D'Onofrio v City of New York*, 11 NY3d 581, 585 [2008]; *Roldan v City of New York*, 36 AD3d 484 [2007]; *Camacho v City of New York*, 218 AD2d 725, 726 [1995]; *cf. Patane v City of New York*, 284 AD3d 513, 514-515 [2001]).

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.