Jimenez v City of New York (2018 NY Slip Op 01659)





Jimenez v City of New York


2018 NY Slip Op 01659


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6013 104105/06

[*1]Leida Jimenez, Plaintiff-Respondent,
v
The City of New York, Defendant-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for respondent.



Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered March 23, 2016, upon a jury verdict, in favor of plaintiff and against defendant (the City), unanimously affirmed, without costs.
Plaintiff established prima facie that the City received prior written notice of the defective tree well that she tripped over by submitting a Big Apple map containing a notation of a defect in the area where she fell (see Katz v City of New York, 87 NY2d 241 [1995]). According to the key to the Big Apple map symbols submitted into evidence, the symbol "V" at issue here denotes "tree wells without a fence' or in place barrier." There was testimony by a City employee that the cobblestones are considered a buffer or barrier around the tree and that they need to be flush with the sidewalk so as not to constitute a tripping hazard. We see no basis for disturbing the jury's determination that the notation was sufficient to bring the defective condition of an out of place barrier to the City's attention (compare O'Donoghue v City of New York, 100 AD3d 402 [1st Dept 2012]; see generally Sondervan v City of New York, 84 AD3d 625, 625 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK