Harrison v City of New York (2020 NY Slip Op 03401)





Harrison v City of New York


2020 NY Slip Op 03401


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14553
 (Index No. 15618/14)

[*1]Rebecca Harrison, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Liakas Law P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Tahirih M. Sadrieh of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated September 28, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York, New York City Department of Transportation, New York City Department of Environmental Protection, and New York City Department of Parks and Recreation which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York, New York City Department of Transportation, New York City Department of Environmental Protection, and New York City Department of Parks and Recreation which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
On August 15, 2014, the plaintiff was injured when she fell while walking along an allegedly defective sidewalk in front of 9009 Seaview Avenue between Remsen Avenue and 91st Street in Brooklyn (hereinafter the premises). Thereafter, the plaintiff commenced this action against, among others, the defendants City of New York, New York City Department of Transportation, New York City Department of Environmental Protection, and New York City Department of Parks and Recreation (hereinafter collectively the City). Following discovery, the City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not have prior written notice of the defect at issue. In support of its motion, the City submitted, among other things, the plaintiff's notice of claim with photographs, the plaintiff's bill of particulars, a transcript of the plaintiff's deposition testimony, and two Big Apple maps with a "key to map symbols" that had been served on the Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation on February 2, 2004. The plaintiff testified at her deposition that her fall was caused by what was "like a crack" in the sidewalk that was approximately "16 inches." In her bill of particulars, the plaintiff described the condition of the sidewalk as "dangerous, defective, broken, raised, depressed and dilapidated." In her notice of claim, the plaintiff asserted that the sidewalk at the location where she fell was "broken, cracked, depressed, extended, misaligned, raised and/or uneven." The City asserted that the Big Apple maps [*2]did not depict any defects located in front of the premises. The plaintiff opposed the motion, arguing that the Big Apple maps contained various symbols denoting sidewalk defects in front of the premises, including the defect that caused her to fall. The Supreme Court granted the motion, and the plaintiff appeals.
Administrative Code of the City of New York § 7-201(c)(2) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see De Zapata v City of New York, 172 AD3d 1306, 1307). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see De Zapata v City of New York, 172 AD3d at 1307). The only recognized exceptions to the prior written notice requirement, which are not applicable to this case, involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d 471, 474). Because the prior written notice law is a derogation of the common law, it must be strictly construed against the City (see Katz v City of New York, 87 NY2d at 243; Weinreb v City of New York, 193 AD2d 596, 598). Therefore, "a notice is sufficient if it brought the particular condition at issue to the attention of the authorities" (Weinreb v City of New York, 193 AD2d at 598 [internal quotation marks omitted]; see Holt v County of Tioga, 95 AD2d 934, 935).
"Big Apple is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with [Administrative Code of City of New York § 7-201(c)(2)]. It does so through maps on which coded symbols are entered to represent defects" (D'Onofrio v City of New York, 11 NY3d 581, 584). "A Big Apple map submitted to the Department of Transportation may serve as prior written notice of a defective condition" (Rodriguez v City of New York, 152 AD3d 810, 810 [internal quotation marks omitted]; see Walker v Jenkins, 137 AD3d 1014, 1015).
Here, the City failed to establish, prima facie, that it did not have prior written notice of the defect that allegedly caused the plaintiff's fall. " Where [, as here,] there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the [Big Apple] map, the question should be resolved by a jury'" (Almadotter v City of New York, 15 AD3d 426, 427, quoting Quinn v City of New York, 305 AD2d 570, 571). While the City relied upon the fact that the Big Apple map contains the designation "OK" in the area of the sidewalk in front of the premises, which designation, according to the map key, denotes "Block Satisfactory," the plaintiff correctly observes that the map also contains a symbol that indicates a defect in the same area of the sidewalk. Exhibited on the map is a perpendicular line, designated as the symbol for a "[r]aised or uneven portion of sidewalk," that runs to the middle of the sidewalk in the area in front of the premises. Moreover, contrary to the City's contention, under these circumstances, whether the defective condition described by the plaintiff was the same as the "raised or uneven portion of sidewalk" indicated on the Big Apple map, of which the City may have received prior notice, was an issue of fact for the jury's resolution (see Patane v City of New York, 284 AD2d 513, 514).
Accordingly, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court