Abdullah v City of New York (2021 NY Slip Op 01377)





Abdullah v City of New York


2021 NY Slip Op 01377


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-10721
 (Index No. 6853/14)

[*1]David Abdullah, respondent,
v
City of New York, appellant, et al., defendant.


James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for appellant.
Sacco & Fillas, LLP, Bayside, NY (Tonino Sacco of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 17, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On August 25, 2013, the plaintiff allegedly was injured when he fell on a damaged curb fronting 2639 Atlantic Avenue in Brooklyn. The plaintiff commenced this action against the abutting property owner and the City of New York to recover damages for his injuries. The City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it lacked prior written notice of the alleged defect as required for liability pursuant to Administrative Code of the City of New York § 7-201(c). The Supreme Court denied the City's motion. The City appeals. We reverse.
Administrative Code of the City of New York § 7-201(c)(2) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Harrison v City of New York, 184 AD3d 742, 743). Accordingly, "prior written notice of a defect is a condition precedent which [a] plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Harrison v City of New York, 184 AD3d at 743). The exceptions to this rule (see Yarborough v City of New York, 10 NY3d 726, 728) do not apply here.
Maps prepared by Big Apple Pothole and Sidewalk Protection Committee, Inc. (hereinafter Big Apple), and filed with the Department of Transportation serve as prior written notice of defective conditions depicted thereon (see Katz v City of New York, 87 NY2d at 243; Harrison v City of New York, 184 AD3d at 744). Where a plaintiff relies on a Big Apple map, the map served on the City closest in time prior to the subject accident is controlling (see Katz v City of New York, [*2]87 NY2d at 244-245).
Here, the City met its prima facie burden by proffering evidence that the most recent Big Apple map served on it did not show the defect and that it had not received any other prior written notice of the allegedly defective condition (see Sada v City of New York, 168 AD3d 1014, 1014-1015; Barrett v City of New York, 166 AD3d 935, 936). Although the plaintiff produced a competing Big Apple map which purportedly showed the defect, that map was not accompanied by any evidence showing when it had been served on the City. Therefore, the plaintiff failed to raise a triable issue of fact as to whether the City had prior written notice of the alleged defect.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court