Fisch v City of New York (2021 NY Slip Op 03021)





Fisch v City of New York


2021 NY Slip Op 03021


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-05501
 (Index No. 2316/14)

[*1]Chayie Fisch, appellant, 
v
City of New York, respondent, et al., defendant.


Aron S. Wolf (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Elina Druker of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 12, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment determining that the defendant City of New York had prior written notice of the allegedly defective condition of the sidewalk or, in the alternative, for sanctions against the defendant City of New York for spoliation of evidence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant City of New York and another defendant to recover damages for personal injuries. The complaint alleged that on January 4, 2013, the plaintiff was walking on a sidewalk when she fell after stepping into a tree well with a soil level that was approximately two inches lower than the surrounding sidewalk. The complaint alleged that the City was negligent in "taking out and/or replacing the tree and digging out the aforementioned tree well" and "in failing to restore the tree well . . . to its original status, level/flush with the adjacent sidewalk." The complaint further alleged that the City was negligent in permitting the area to "become and/or remain in a depressed and uneven condition." In addition, the complaint alleged that the City was negligent "in failing to warn pedestrians of the aforesaid dangerous conditions [and] in failing to erect barricades, guards and other safety devices and/or place warning signs in the area surrounding said condition."
After issue was joined, the plaintiff moved, inter alia, for summary judgment determining that the City had prior written notice of the allegedly defective condition of the sidewalk or, in the alternative, for sanctions against the City for spoliation of evidence. The Supreme Court denied those branches of the plaintiff's motion, and the plaintiff appeals.
Administrative Code of the City of New York § 7-201(c)(2) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see De Zapata v City of New York, 172 AD3d 1306, 1307). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to [*2]plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see De Zapata v City of New York, 172 AD3d at 1307). "[A] notice is sufficient if it brought the particular condition at issue to the attention of the authorities" (Weinreb v City of New York, 193 AD2d 596, 598 [internal quotation marks omitted]; see Harrison v City of New York, 184 AD3d 742, 743; Holt v County of Tioga, 95 AD2d 934, 935).
Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple) "is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with [Administrative Code § 7-201(c)(2)]" (D'Onofrio v City of New York, 11 NY3d 581, 584). "It does so through maps on which coded symbols are entered to represent defects" (id. at 584). "A Big Apple map submitted to the Department of Transportation may serve as prior written notice of a defective condition" (Rodriguez v City of New York, 152 AD3d 810, 810 [internal quotation marks omitted]; see Walker v Jenkins, 137 AD3d 1014, 1015).
Here, in support of her motion, the plaintiff submitted a Big Apple map, dating from 2003, which included a "v" symbol in the area where she fell. The key to the map indicated that a "v" symbol denoted: "Tree wells without a 'fence' or in place barrier." The plaintiff also submitted other evidence demonstrating that a tree that had been located in the subject tree well had fallen, and the bulk of the tree was removed sometime in 2011. A stump approximately 15 inches in diameter and 8 inches high remained in the subject tree well. The plaintiff's submissions showed that the stump was still present on the date of the subject accident.
Although the Big Apple map submitted by the plaintiff may have apprised the City of the fact that the subject tree well did not have a fence or barrier around it in 2003, "[t]he awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (Roldan v City of New York, 36 AD3d 484, 484; see D'Onofrio v City of New York, 11 NY3d at 585; Camacho v City of New York, 218 AD2d 725, 726). Under the circumstances, it cannot be said, as a matter of law, that the "v" symbol on the 2003 Big Apple map provided the City with notice of the depressed and uneven condition of the tree well (see Rodriguez v City of New York, 152 AD3d at 811; Waner v City of New York, 5 AD3d 288, 288; cf. Patane v City of New York, 284 AD2d 513, 514-515; Johnson v City of New York, 280 AD2d 271, 271-272; Brooks v City of Binghamton, 55 AD2d 482, 483-484). The plaintiff's submissions were insufficient to demonstrate, prima facie, that the City had prior written notice of the defective condition that allegedly caused her to fall (see David v City of New York, 267 AD2d 419, 420; Weinreb v City of New York, 193 AD2d at 598-599). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment determining that the City had prior written notice of the allegedly defective condition of the sidewalk.
The plaintiff further contends that the Supreme Court should have granted that branch of her motion which was for sanctions against the City for spoliation of evidence. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). Here, the plaintiff failed to sustain her burden. Accordingly, the court properly denied that branch of the plaintiff's motion which was for sanctions against the City for spoliation of evidence.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court