Ghumann v City of New York (2022 NY Slip Op 01292)





Ghumann v City of New York


2022 NY Slip Op 01292


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-09429
 (Index No. 517804/16)

[*1]Khalid Ghumann, respondent, 
v
City of New York, et al., appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (I. Elie Herman of counsel), for appellants.
Liakas Law, P.C., New York, NY (Moses Ahn of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 25, 2019. The order, insofar as appealed from, in effect, denied that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York. Justice Iannacci has been substituted for former Justice Hinds-Radix (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the morning of November 5, 2015, the plaintiff fell due to an alleged hole in a sidewalk. The plaintiff then commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion with leave to renew after the completion of all discovery. The defendants subsequently renewed their motion for summary judgment dismissing the complaint, contending, inter alia, that the defendant City of New York did not have prior written notice of the alleged hole that caused the plaintiff to fall. The court, inter alia, in effect, denied that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint insofar as asserted against the City. The defendants appeal.
Administrative Code of the City of New York § 7-201(c)(2) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Abdullah v City of New York, 192 AD3d 735, 736; De Zapata v City of New York, 172 AD3d 1306, 1307). Accordingly, "prior written notice of a defect is a condition precedent which [a] plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Harrison v City of New York, 184 AD3d 742, 743; De Zapata v City of New York, 172 AD3d at 1307).
Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple) "is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with [Administrative Code § 7-201(c)(2)]" (D'Onofrio v City of New York, 11 NY3d 581, 584). "It does so through maps on which coded symbols are entered to represent [*2]defects" (D'Onofrio v City of New York, 11 NY3d at 584). "A Big Apple map submitted to the Department of Transportation may serve as prior written notice of a defective condition" (Rodriguez v City of New York, 152 AD3d 810, 810 [internal quotation marks omitted]; see Fisch v City of New York, 194 AD3d 786, 788; Walker v Jenkins, 137 AD3d 1014, 1015).
Here, the defendants failed to establish, prima facie, that the applicable Big Apple Map did not give the City prior written notice of the alleged hole at issue. The plaintiff's pleadings and the parties' motion papers identified the accident site as the sidewalk at or about the corner of Surf Avenue and 21st Street. The Big Apple map that the defendants submitted in support of their renewed motion failed to provide a complete depiction of the corner of Surf Avenue and 21st Street at issue, and the defendants failed to establish, prima facie, that the Big Apple map did not provide the City with prior written notice of the alleged hole that caused the plaintiff to fall (see generally Harrison v City of New York, 184 AD3d 742; Walker v Jenkins, 137 AD3d 1014; cf. Fisch v City of New York, 194 AD3d at 786). The defendant's contention, based upon the transcript of the plaintiff's testimony at a hearing held pursuant to General Municipal Law § 50-h, that the accident occurred on a sidewalk at or about the southeast corner of Surf Avenue and 22nd Street, is raised for the first time on appeal and is not properly before this Court (see Chia v City of New York, 109 AD3d 865, 866).
Accordingly, the Supreme Court, in effect, properly denied that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint insofar as asserted against the City regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CONNOLLY, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court