Smith v City of New York (2024 NY Slip Op 03150)

Smith v City of New York

2024 NY Slip Op 03150

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 156563/18 Appeal No. 2475 Case No. 2023-02834 

[*1]Irene Smith et al., Respondents,
v
The City of New York et al., Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for appellant.
Oddo & Babat, P.C., New York (Darren R. Seilback of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered May 3, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this action alleging that defendants created a defect in the crosswalk on the east side of Second Avenue and 55th Street upon which she tripped and fell on September 13, 2017. In denying defendants' motion for summary judgment dismissing the complaint, the court found that plaintiff raised a triable issue of fact as to whether defendants created the defect that caused her injury. The court relied on records of defendants' repairs in the area surrounding the subject defect within two years prior to the accident, the most recent of which occurred five months prior to the accident, and testimony that, when responding to repair orders, defendants' crew would inspect the entire block and perform repairs as needed to other defects they observed.
Prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City, in the absence of a recognized exception (see Katz v City of New York, 87 NY2d 241 [1995]). The only recognized exceptions to the prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence or where a special use confers a benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726 [2008]). The affirmative negligence exception is limited to work which immediately results in the existence of a dangerous condition (see id.; Rabich v City of New York, — AD3d &mdash, 2024 NY Slip Op 02607 [1st Dept 2024]). In support of her motion, plaintiff submitted evidence that the most recent repair work was performed five months prior to the accident in the general area of the subject defect. This does not raise an issue of fact as to whether defendants created the defect that caused plaintiff's fall through an affirmative act of negligence at the location where the injury occurred, which immediately resulted in the existence of a dangerous condition (see Trentman v City of New York, 162 AD3d 559 [1st Dept 2018] [evidence that the defendant repaired a defect three months prior to the subject accident in the general vicinity of the plaintiff's fall does not provide a basis for an inference that the repair immediately resulted in the existence of a dangerous condition]; cf. Bania v City of New York, 157 AD3d 612, 612-613 [1st Dept 2018] [evidence of repairs to the subject defect within 11 days of an accident sufficient to raise issues of fact as to whether the defendant performed work that immediately resulted in the existence of a dangerous condition]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024