Gonzalez v Metropolitan Transp. Auth. (2025 NY Slip Op 05630)

Gonzalez v Metropolitan Transp. Auth.

2025 NY Slip Op 05630

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 20050/18|Appeal No. 4948|Case No. 2024-03875|

[*1]Jose Gonzalez, Plaintiff-Appellant,
v
Metropolitan Transportation Authority etc., et al., Defendants, The City of New York, Defendant-Respondent.

Mitchell Dranow, Sea Cliff, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 6, 2024, which granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Plaintiff alleges that on May 28, 2017, he tripped and fell due to a dangerous condition in a bus stop located in front of 1841 Westchester Avenue, which was owned and operated by the City. According to the Notice of Claim, plaintiff fell "in the street approximately 19 feet south of the northerly curb line of Westchester Avenue and approximately 18 feet east of the elevated subway pillar bearing a sign that reads 'No Standing BX4, BX4A The Hub Westchester Avenue & Thierot Avenue.' " He asserted that he was caused to trip and fall because the bus stop, street, and its surrounding area were "cracked, broken, defective, depressed, uneven, un-level, dilapidated, etc.," and the accident occurred due to the City's failure to inspect, repair, and maintain the location.
The City failed to establish prima facie entitlement to summary judgment. The evidence submitted by the City did not eliminate all triable issues of fact as to whether it had prior written notice of the alleged defects (see Katz v City of New York, 87 NY2d 241, 243 [1995]; see also Administrative Code of City of New York § 7-201[c][2]).
The DOT work order submitted by the City indicates that it responded to a complaint regarding potholes on Westchester Avenue between Leland Avenue and Thierot Avenue. There is no indication as to the location of the potholes complained of, or the number of potholes. While it appears that approximately 15 potholes were repaired, there is nothing to indicate where those potholes were located. Thus, the evidence submitted by the City failed to definitively show that it had no prior written notice of the defect that caused the plaintiff's fall (see Sanchez v City of New York, 176 AD3d 490, 490 [1st Dept 2019]).
Even if we found that the City met its prima facie burden, plaintiff raised a triable issue of fact as to whether the City had prior written notice of the defective condition by submitting photographs of the defect and surrounding area. While plaintiff's expert did not perform a site inspection, the photos he relied on clearly show that repair work was performed directly adjacent to the alleged defect upon which plaintiff tripped, and DOT's records confirm that repairs on this block were completed approximately one month before the accident (see Martin v City of New York, 191 AD3d 152, 155 [1st Dept 2020]).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025