◼ ROSEMARY CUCCIA, Appellant, v CITY OF NEW YORK, Respondent. [801 NYS2d 771]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 18, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In her notice of claim the plaintiff alleged that she "was injured when she tripped and fell over the stump or remnant of a metal traffic control device . . . in the sidewalk." As stated by the Court of Appeals in the case of *Katz v City of New York* (87 NY2d 241, 243 [1995]): "Administrative Code of the City of New York § 7-201 (c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location (*see generally Poirier v City of Schenectady*, 85 NY2d 310, 314). . . . [P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City (*see, Poirier v City of Schenectady* [*supra* at 313]; *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633-634). The failure to demonstrate prior written notice leaves plaintiff without legal recourse against the City for its purported nonfeasance or malfeasance in remedying a defective sidewalk."

The plaintiff failed to demonstrate that the City of New York (hereinafter the City) received prior written notice of the alleged defect. In particular, the Big Apple Pothole and Sidewalk Corporation map of the area in question does not contain the symbol for an "obstruction protruding from sidewalk" (*see e.g.*

*Camacho v City of New York*, 218 AD2d 725, 726 [1995]; *Curci v City of New York*, 209 AD2d 574 [1994]). The plaintiff also failed to raise a triable issue of fact as to whether the City caused or created the alleged defect (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Betzold v Town of Babylon*, 18 AD3d 787 [2005]). Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contention is without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.