Lunts v. Rochester City School Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

Ellen Lunts, Alexander Lunts,

> *Plaintiffs-Appellants*,

> v.                                                          12-1655-cv

Rochester City School District, SUNY Empire State College, State University of New York (SUNY),

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | Ellen Lunts, Alexander Lunts, *pro se*, Rochester, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Edwin Lopez-Soto, General Counsel; Cara M. Briggs, Associate General Counsel, for Appellee Rochester City School District; Rochester, NY. |

Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Denise A. Hartman, Assistant Solicitor General; Zainab A. Chaudhry, Assistant Solicitor General, for the State University of New York Appellees; Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Ellen and Alexander Lunts, proceeding *pro se*, appeal the district court's judgment granting the Defendants-Appellees summary judgment and dismissing their claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) ("EPA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(a), *i.e.*, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in favor of the non-moving party, "'the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

252 (1986)) (internal alterations and emphasis omitted). It is insufficient to "'rely on conclusory allegations or unsubstantiated speculation'" to defeat a motion for summary judgment. *Id.* at 554 (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)). We review for abuse of discretion a district court's denial of more time to conduct discovery. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994).

Here, an independent review of the record and relevant case law confirms that the district court properly granted the defendants summary judgment and did not abuse its discretion in declining to afford the Luntses more time for discovery. We affirm for substantially the same reasons stated by the district court in its thorough September 13, 2011 decision and order.

First, the district court properly granted summary judgment to the Rochester City School District ("RCSD") on the ground that Ms. Lunts was not an employee of the RCSD, nor could the RCSD be viewed as her "joint employer." *See United States v. City of New York*, 359 F.3d 83, 91-92 (2d Cir. 2004) (stating that an employee must prove that "she was hired by the putative employer" by establishing that "she received remuneration in some form for her work"); *NLRB v. Solid Waste Services, Inc.*, 38 F.3d 93, 94 (2d Cir. 1994) (*per curiam*) (holding that "[a] joint employer relationship may be found to exist where there is sufficient evidence that [one entity] had immediate control over the other company's employees," and identifying "commonality of hiring, firing, discipline, pay, insurance, records, and supervision" as relevant factors (citing *Clinton's Ditch Coop. Co. v. NLRB*, 778 F.2d 132, 138-139 (2d Cir. 1985)).

Second, insofar as Ms. Lunts argues that the district court failed to address her claim that she suffered retaliation for complaining to her direct supervisor about offensive remarks made by one of her students, she did not raise this claim in the complaint. *See Greenidge v. Allstate Ins.*

*Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (declining to reach the merits of an argument raised for the first time in opposition to summary judgment).

Finally, the district court did not abuse its discretion in denying the Luntses additional discovery to oppose summary judgment. A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: "'(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995) (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)). The failure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *See Paddington Partners,* 34 F.3d at 1137 (concluding that a reference to the need for additional discovery in a memorandum in opposition to summary judgment was not an adequate substitute for the required affidavit). The Luntses' sworn affidavit in opposition to summary judgment did not meet the requirements of Rule 56(d) because it contained only conclusory allegations of incomplete discovery. Although the Luntses set forth more detailed allegations in an October 2010 letter to the district court, that letter was filed prior to the commencement of summary judgment proceedings in November 2010 and therefore could not reasonably have been construed as a sufficient Rule 56(d) affidavit. Finally, in their brief, the Luntses have not identified any potentially discoverable evidence that would have raised a genuine issue of material fact as to any of their claims.

4

We have considered all of the Luntses' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk