Nieves v City of New York (2023 NY Slip Op 02525)

Nieves v City of New York

2023 NY Slip Op 02525

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-01813
 (Index No. 152818/19)

[*1]Ivonne Nieves, appellant, 
v
City of New York, respondent, et al., defendant.

Dominick W. Lavelle (Law Offices of Thomas R. Villecco, P.C., Jericho, NY, of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elina Druker and Jessica Miller of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated February 24, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2019, the plaintiff allegedly was injured when she tripped and fell due to a hole in a cracked, broken, uneven sidewalk located in front of 27 Brewster Street in Staten Island. On December 19, 2019, the plaintiff commenced this action to recover damages for personal injuries against, among others, the City of New York.
The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it lacked prior written notice of the alleged defect that caused the plaintiff to trip and fall. In support of the motion, the City submitted, among other things, transcripts of the plaintiff's deposition testimony and General Municipal Law § 50-h hearing testimony, photographs of the accident site, and a map served upon the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple) in 2004. The City asserted that the Big Apple map had no notations for sidewalk defects at the location where the plaintiff allegedly fell. The plaintiff testified, inter alia, that she tripped and fell on a hole covered with leaves on a cracked, broken, uneven sidewalk, and that the defective condition where she fell was located in the middle of the sidewalk. The plaintiff opposed the motion, arguing that the Big Apple map constituted prior written notice of the defect, in that it contained a symbol denoting a curb defect and a purported symbol indicating a sidewalk defect at the location of the accident. By order dated February 24, 2022, the Supreme Court, among other things, granted that branch of the City's motion. The plaintiff appeals.
Administrative Code of the City of New York § 7-201(c) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City [*2]of New York, 87 NY2d 241, 243; see De Zapata v City of New York, 172 AD3d 1306, 1307; Allen v City of New York, 164 AD3d 725, 726). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243).
"Big Apple is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with the Pothole Law. It does so through maps on which coded symbols are entered to represent defects" (D'Onofrio v City of New York, 11 NY3d 581, 584). "Maps prepared by Big Apple . . . and filed with the Department of Transportation serve as prior written notice of defective conditions depicted thereon" (Katz v City of New York, 87 NY2d at 243; see Rodriguez v City of New York, 152 AD3d 810, 810) and "the map served on the City closest in time prior to the subject accident is controlling" (Abdullah v City of New York, 192 AD3d 735, 736; see Katz v City of New York, 87 NY2d at 245). "The awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (Fisch v City of New York, 194 AD3d 786, 788 [internal quotation marks omitted]; see D'Onofrio v City of New York, 11 NY3d at 585; Allen v City of New York, 164 AD3d at 727).
Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating through its submissions, including the affidavit of the New York City Department of Transportation employee who conducted a search of certain databases and paper records, including the Big Apple map, that it had not received prior written notice of the alleged sidewalk defect that the plaintiff claimed to have caused her to fall.
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, a purported "horizontal dotted line" symbol on the Big Apple map did not provide the City with notice of the alleged cracked or uneven sidewalk condition which caused the plaintiff's fall (see D'Onofrio v City of New York, 11 NY3d at 585). The purported line is a faint marking of uneven lines that appears to run through at least two buildings on the Big Apple map, and does not correspond to any symbol denoting a sidewalk defect as listed in the "Key to Map Symbols" for the Big Apple map. Thus, "we do not see how a rational jury could find that this mark conveyed any information at all" (id. at 585). Moreover, even if the purported line were to constitute a symbol denoting a sidewalk defect, it failed to provide the City with prior written notice, as it runs through the sidewalk at 31 Brewster Street, not at 27 Brewster Street, which is the location where the plaintiff allegedly tripped and fell (see Katz v City of New York, 87 NY2d at 243; McCabe v Town of Riverhead, 2 AD3d 416, 417). Further, contrary to the plaintiff's contention, the symbol on the Big Apple map indicating an "[e]xtended section of broken, misaligned, or uneven curb" did not provide the City with notice of the condition which allegedly caused the plaintiff to fall; that is, a defective sidewalk condition located in the middle of the sidewalk (see De Zapata v City of New York, 172 AD3d at 1308; Rodriguez v City of New York, 152 AD3d at 811).
Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court