Flores-Da Silva v Long Is. Univ. (2025 NY Slip Op 06158)

Flores-Da Silva v Long Is. Univ.

2025 NY Slip Op 06158

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10368
 (Index No. 523567/22)

[*1]Angelica Flores-Da Silva, appellant, 
v
Long Island University, defendant, City of New York, respondent.

Sullivan & Brill LLP, New York, NY (James Healy of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jeremy W. Shweder and Karin Wolfe of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated July 24, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant City of New York and another defendant to recover damages for personal injuries that the plaintiff allegedly sustained when her left foot was caught on an allegedly defective section of sidewalk located in Brooklyn. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not receive prior written notice of the alleged defect pursuant to section 7-201(c)(2) of the Administrative Code of the City of New York. In an order dated July 24, 2024, the Supreme Court, among other things, granted that branch of the City's motion. The plaintiff appeals.
"Prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality where, as here, there is a local law requiring such notice" (Callaghan v County of Nassau, 236 AD3d 725, 726 [internal quotation marks omitted]). "Where the municipality establishes, prima facie, that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the prior written notice rule, or, alternatively, a plaintiff may raise a triable issue of fact regarding whether the municipality did, in fact, have prior written notice of the alleged defective condition" (Lyons v Inc. Vil. of Garden City, 225 AD3d 679, 680). Section 7-201(c)(2) of the Administrative Code provides, in relevant part, that "[n]o civil action shall be maintained against the city for . . . injury to person . . . sustained in consequence of any . . . sidewalk . . . including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation."
Here, the City established, prima facie, that it did not receive prior written notice of the alleged defect by submitting, among other things, an affirmation from an employee who averred [*2]that a search of records maintained by the Department of Transportation of the City of New York failed to reveal any prior written notice of a defective condition at the subject location for a period of two years prior to and including the date of the accident (see Callaghan v County of Nassau, 236 AD3d 725, 727; Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 648). In opposition, the plaintiff failed to raise a triable issue of fact (see Nieves v City of New York, 216 AD3d 800, 801).
Furthermore, the plaintiff's contention that the subject branch of the motion should have been denied as premature is without merit. "While a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, a party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Martin v Copado-Esquivel, 226 AD3d 668, 670-671 [alterations and internal quotation marks omitted]; see Everhome Mtge. Co. v Aber, 195 AD3d 682, 688, affd 39 NY3d 949). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Sarceno v Manhattan View, LLC, 230 AD3d 1176, 1177 [internal quotation marks omitted]). Here, the plaintiff failed to satisfy her burden of demonstrating that the City's motion was premature.
Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court