24-2682-cv
*Quinn v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

FRANCIS PAUL QUINN, JR., LORI ANN QUINN,
> *Plaintiffs-Appellants*,

v.                                                          24-2682-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION,
> *Defendants-Third-Party-Plaintiffs-Appellees*,

CONSOLIDATED EDISON, INC.,
> *Third-Party-Defendant*.

_____

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | JULIA SOLOMON-STRAUSS, Zimmer, Citron & Clarke LLP, Washington, DC (Aparna Pujar, Napoli Shkolnik, PLLC, New York, NY, *on the brief*) |
| FOR DEFENDANTS-THIRD-PARTY-PLAINTIFFS-APPELLEES: | CHLOÉ K. MOON (Richard Dearing, Devin Slack, *on the brief*), *for* Muriel Goode-Trufant, |

Corporation Counsel of the City of New York, New York, NY

Appeal from a September 26, 2024 judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Francis Paul Quinn, Jr. ("Quinn") tripped and fell on a crosswalk in midtown Manhattan. Quinn alleges that his foot got caught in a pothole abutting a Consolidated Edison, Inc. ("Con Ed") gas cap in the crosswalk. Quinn and his wife brought a suit for damages against Defendants-Appellees, the City of New York and the New York City Department of Transportation ("DOT" and, together with the City of New York, the "City"). They allege that Quinn's accident was partly caused by the City's negligence in creating or improperly repairing the pothole. The district court granted the City's motion for summary judgment, concluding that (1) the City made a prima facie showing that it received no prior written notice of the alleged defect, as required by City law, and (2) the Quinns failed to create a triable issue as to whether the City engaged in an affirmative act of negligence sufficient to satisfy an exception to the prior-written-notice rule. We assume the parties' familiarity with the underlying facts; the procedural history, including our prior order in this case, *see* 2023 WL 3909798 (2d Cir. June 9, 2023); and the issues on appeal.

"We review a grant of summary judgment *de novo*." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 914 (2d Cir. 2010). "Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011) (quotation marks omitted). A "'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the

2

party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016). "Though we must accept as true the allegations of the party defending against the summary judgment motion, drawing all reasonable inferences in his favor, conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citation omitted). "Because this is a diversity case, we apply state substantive law (here, [New York] law) and federal procedural law." *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 193 (2d Cir. 2013).

### I. Prior Written Notice

New York City's "Pothole Law" "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location." *Katz v. City of New York*, 87 N.Y.2d 241, 242-43 (1995) (discussing N.Y.C. Admin. Code § 7-201(c)). "[P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City." *Id.* at 243. When the City moves for summary judgment due to lack of prior written notice, it has the "initial burden of demonstrating that it did not receive prior written notice of the condition that caused plaintiff's accident." *Carney v. City of New York*, 232 A.D.3d 535, 536 (1st Dep't 2024). The City may meet its burden "by submitting an affidavit of a DOT record searcher regarding the results of the search []he performed of the pertinent DOT electronic databases, and the corresponding paper records search []he requested." *Jones v. City of New York*, 159 A.D.3d 571, 572 (1st Dep't 2018).

The City has satisfied its initial burden of showing it lacked prior written notice of the pothole that allegedly caused Quinn's accident. The City filed an affidavit from the DOT record searcher who "personally conducted a search in the pertinent electronic databases and identified

3

and requested a search for corresponding paper records" for the accident location spanning the two-year period leading up to the accident. Case No. 1:20-cv-2666 (S.D.N.Y.), ECF No. 84-16, at 3-4 (Henry Williams Affidavit). The search yielded more than 400 pages of documents, including three maintenance and repair records, which the City produced to the Quinns and attached to its summary-judgment motion. The City submitted two additional affidavits explaining the maintenance and repair records. Those records reflect that repair orders were generated on August 22, 2017; November 13, 2017; and January 17, 2019 and that on each occasion, the City completed the requested repairs within one day. The records thus indicate that the City promptly repaired the reported defects and finished the last repair nearly six months before the July 15, 2019 accident. The records contain no evidence that the City "received prior written notice of the subject defect following the [last] repair." *Lopez v. Gonzalez*, 44 A.D.3d 1012, 1013 (2d Dep't 2007).

The Quinns identify no evidence suggesting otherwise. They first point to the "Big Apple Map" covering the accident location.[1] In order to constitute written notice, the "markings on a Big Apple map must give notice of the particular defect alleged to have caused the injury." *Ortiz v. City of New York*, 67 A.D.3d 21, 29 (1st Dep't 2009), *rev'd on other grounds*, 14 N.Y.3d 779 (2010); *see also Lieder v. City of New York*, 2025 WL 3096582, at *2 (2d Cir. Nov. 6, 2025) ("New York law requires that prior written notice of defects on such maps be precise." (citing *Nieves v. City of New York*, 216 A.D.3d 800, 802 (2d Dep't 2023)). Quinn alleges that his accident was caused by a pothole in the crosswalk, but the map identifies no pothole or other hazard at that location. App'x at 208-09; *see Khemraj v. City of New York*, 37 A.D.3d 419, 420 (2d Dep't 2007)

---

[1] "Big Apple is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with the Pothole Law. It does so through maps on which coded symbols are entered to represent defects." *D'Onofrio v. City of New York*, 11 N.Y.3d 581, 584 (2008).

4

("[P]rior written notice was not established by . . . the Big Apple Map, which did not indicate any pothole at the subject location."). The map discloses defects in nearby locations, but the "awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident." *Roldan v. City of New York*, 36 A.D.3d 484, 484 (1st Dep't 2007).

The Quinns also claim the City had prior written notice because it summoned Con Ed to appear at a November 2018 hearing for using a street without a permit in the general area of the defect and because it later issued street-opening permits to Con Ed. But neither the summons nor the permits refer to the defect at issue and thus do not indicate prior written notice. *See Meltzer v. City of New York*, 156 A.D.2d 124, 124 (1st Dep't 1989) ("[N]one of the street opening or work permits issued in and around the area provided the necessary notice to the city.").

The Quinns' argument that the City provided written acknowledgement of the defect fares no better. Absent prior written notice, the City may face liability if "there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition." *Bruni v. City of New York*, 2 N.Y.3d 319, 324 (2004) (quoting N.Y.C. Admin. Code § 7-201(c)(2)). A "written statement showing that the city agency responsible for repairing a condition had first-hand knowledge both of the existence and the dangerous nature of the condition is an 'acknowledgement' sufficient to satisfy the Pothole Law." *Id.* at 325. The Quinns identify no such written statement or other form of written acknowledgement. They point again to the repair orders, but those records reflect completed repairs and thus do not constitute acknowledgement of an unresolved defect. *See Stoller v. City of New York*, 126 A.D.3d 452, 452 (1st Dep't 2015) ("Nor did the [maintenance and repair] reports, which indicate that seven potholes in the area were

5

made safe, constitute written acknowledgement of another defective condition that needed repair.").

## II. Affirmative-Negligence Exception

"Where the City establishes that it lacked prior written notice under the Pothole Law, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality." *Yarborough v. City of New York*, 10 N.Y.3d 726, 728 (2008). The affirmative-negligence exception—the only exception at issue here—"is limited to work by the City that immediately results in the existence of a dangerous condition." *Id.* (quotation marks omitted).

The Quinns identify no evidence creating a triable issue as to whether the City engaged in an affirmative act of negligence that immediately resulted in the dangerous condition that allegedly caused Quinn's injury. They invoke the expert affidavit of Joseph Farahnik, who opines that (1) defects in the crosswalk caused the accident and (2) the "defects were due to combined effects of inadequate repair and improper partial repair of the pothole by the City of New York, as well as deferred maintenance and inspection by Con Edison." App'x at 196. But the affidavit does not create a genuine dispute as to whether the City's repair work "immediately" caused the defects, as required under New York law.[2] *Yarborough*, 10 N.Y.3d at 728 (quotation marks omitted). The affidavit includes no details about the timeline of the City's pre-accident repair work or any other information that would allow a reasonable juror to find that the repair work immediately resulted

---

[2] The affidavit also lacks a clear "factual basis." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). Farahnik attests that he reviewed "relevant documents and photographs in this action"—"[s]pecifically, the photo of the pothole on the date of the accident and the photo of the city's subsequent repair"—and conducted an "inspection." App'x at 195-96. But the affidavit does not (1) include or attach the two referenced pictures or provide any further information about them, (2) specify which "documents" Farahnik examined, or (3) describe the "inspection."

in the condition that caused Quinn's fall.[3]  *See Jones*, 159 A.D.3d at 572 (affirming grant of summary judgment where "Plaintiff presented no evidence regarding the condition of the asphalt immediately after the repair").

The Quinns claim the City made a "fatal error" because it did not address the Farahnik affidavit in its summary-judgment opening brief to the district court.  Appellants' Br. at 15.  But they cite no authority holding that a summary-judgment movant's opening brief must anticipate all the evidence on which the nonmovants may rely in opposing the motion.[4]  The Quinns brought up the Farahnik affidavit in their summary-judgment opposition, and the City properly responded to the affidavit on reply.  *Cf. Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (district court did not err in considering issue of general causation, which defendants did not "expressly" raise in summary-judgment opening papers but did raise in reply papers, where plaintiff's "opposition papers cited" general causation "as a genuine issue of material fact").

Citing the repair records, the Quinns also argue that the City's repeated work at the accident location, including several months before Quinn's fall, "goes to show that the work by [the] City resulted in [the] existence of [a] dangerous condition."  Appellants' Br. at 21-22.  As explained above, these records reflect that the City promptly completed repairs in August 2017, November

---

[3] Farahnik avers that, at the time of the accident, "a section of the asphalt roadway adjacent to [a] valve box was cracked, broken, in chunks, uneven and partially missing, forming a long narrow pothole," "the pothole was partially patched/resurfaced," and there appeared to be no "applied liquid asphaltic cement along the perimeter of the pothole, or along the perimeter of the partially patched/resurfaced area within the pothole area."  App'x at 195.  According to Farahnik, these defects evidence the City's "inadequate repair and improper partial repair of the pothole."  *Id.* at 196.  But "an ineffectual pothole repair job which does not make the condition any worse" does not "amount to an affirmative act of negligence." *Arzeno v. City of New York*, 128 A.D.3d 527, 528 (1st Dep't 2015).  Farahnik does not explain whether or how the City's repairs made the condition of the crosswalk worse, let alone how they "immediately" made it worse.  *Yarborough*, 10 N.Y.3d at 728 (quotation marks omitted).

[4] To the extent the Quinns argue that the City bore the burden to show it did *not* perform an affirmative act of negligence that immediately created a dangerous pothole, they misapprehend the burden-shifting framework.  *See Yarborough*, 10 N.Y.3d at 728 ("Where the City establishes that it lacked prior written notice under the Pothole Law, the burden shifts to the plaintiff.").

2017, and January 2019, the most recent being nearly six months before the accident. The Quinns' unsupported "speculation" that the repairs immediately caused the pothole or made it worse "is insufficient to defeat [the] motion for summary judgment." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006).[5]

### III. Discovery

The Quinns contend the district court erred in denying their request for further discovery under Federal Rule of Civil Procedure 56(d). Absent additional discovery, the Quinns argue, the district court's summary-judgment ruling was "premature." Appellants' Br. at 23. We disagree.

"We review for abuse of discretion a district court's denial of additional time to conduct discovery under what is now Rule 56(d)." *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020). Rule 56(d) requires the parties opposing summary judgment "to present an affidavit or declaration to the District Court," *Unkechaug Indian Nation v. Seggos*, 126 F.4th 822, 832 (2d Cir. 2025), showing that, "for specified reasons," they "cannot present facts essential to justify [their] opposition," Fed. R. Civ. P. 56(d). "The failure to file an affidavit under Rule 56(d) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Kazolias v. IBEWLU 363*, 806 F.3d 45, 54 (2d Cir. 2015) (quotation marks omitted and alterations accepted). "A reference to Rule 56[d] and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[d] affidavit." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994).

---

[5] The Quinns assert that "the City failed to meet its Rule 56(c) burden to show that [the Quinns] had failed to identify a witness who might prove that the City affirmatively caused or created the defect." Appellants' Br. at 11. But the burden is on the Quinns to present evidence raising a triable issue as to whether the City's negligence immediately caused the defect. *See Yarborough*, 10 N.Y.3d at 728. As explained above, they have not met their burden.

The district court did not abuse its discretion in denying the Quinns' discovery request. First, the Quinns did not file a Rule 56(d) affidavit.[6]  They sought further discovery in their summary-judgment opposition brief, but a reference in a brief to the need for more discovery is no substitute for an affidavit.  *See id.*  They also laid out their discovery request in letters submitted to the district court, but those "letter[s] [were] filed prior to the commencement of summary judgment proceedings" and "therefore could not reasonably have been construed as a sufficient Rule 56(d) affidavit."  *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 14 (2d Cir. 2013). The Quinns' failure to file an affidavit is an independent reason to reject their discovery request.

Second, the Quinns have not demonstrated a need for additional discovery.  A party requesting further discovery must show "what facts are sought and how they are to be obtained" and "how those facts are reasonably expected to create a genuine issue of material fact."  *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (quotation marks omitted).  The Quinns do not explain how the evidence they seek is reasonably expected to create a genuine dispute as to whether the City (1) had prior written notice of the defect or (2) did repair work that immediately created the defect.  They request a "clearer copy of the Big Apple Map."  Appellants' Br. at 28.  But they also state that the current copy "clearly highlights the relevant hazards," and they point out specific defects that the map identifies in other areas.  *Id.* at 12, 19-20.  Their own analysis thus undermines their request.  They also seek "[p]ost-accident repair records," *id.* at 29, but they do not explain how such records would be relevant to whether pre-accident repairs immediately

___

[6] Although the City did not raise the affidavit issue before the district court, "[w]e retain broad discretion to consider issues not raised initially in the District Court."  *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) (quotation marks omitted).  "We are more likely to exercise our discretion . . . where the issue is purely legal and there is no need for additional fact-finding."  *Id.* (quotation marks omitted). The affidavit requirement is a purely legal issue.  And we need not engage in additional fact-finding, as the Quinns do not deny that they failed to file an affidavit.  We thus exercise our discretion to consider the affidavit issue.

9

created the defect. Finally, they want to depose City employees to "reconcile conflicting repair orders," to "establish whether repairs were conducted properly," and to obtain information "regarding the existence and utility of a database tracking potholes or GAS utility boxes across the City." *Id.* at 28-29. But they identify no "conflicting" repair orders for City employees to reconcile. The other stated reasons for the depositions amount to "speculation as to what potentially could be discovered," and courts may reject discovery requests based on such speculation. *Paddington*, 34 F.3d at 1138. The Quinns thus have failed to meet their burden to show the need for more discovery, and the district court did not abuse its discretion in denying their request.

\* \* \*

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.[7]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[7] We do not reach the issue of whether the Quinns' pre-suit notice of claim precludes this action.

10