Cohen v City of New York

2026 NY Slip Op 02627

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ziva Cohen, appellant,

v

City of New York, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-06592, (Index No. 500016/16)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Feiner & Lavy, P.C., New York, NY (Richard G. Monaco of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Elizabeth I. Freedman of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 28, 2024. The order granted the motion of the defendant City of New York for summary judgment dismissing the amended complaint insofar as asserted against it.

ORDERED that the order is affirmed, with costs.

In 2016, the plaintiff commenced this action against, inter alia, the defendant City of New York (hereinafter the City) to recover damages for personal injuries she alleged she sustained when she tripped and fell in a pothole in a crosswalk while crossing East 24th Street at its intersection with Avenue O in Brooklyn. Following discovery, the City moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending that it did not have the requisite prior written notice of the hazard (see Administrative Code of City of NY § 7-201[c][2]). The plaintiff opposed. In an order dated February 28, 2024, the Supreme Court granted the City's motion. The plaintiff appeals.

"Administrative Code of the City of New York § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Cuccia v City of New York, 22 AD3d 516, 516). Where the City establishes that it lacked prior written notice under the Pothole Law (Administrative Code § 7-201[c][2]), "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728; see Goodman v City of New York, 230 AD3d 1115, 1116-1117).

Thus, to be entitled to summary judgment, the City must first establish that it lacked prior written notice of the alleged defect (see Goodman v City of New York, 230 AD3d at 1116-1117; Canaday v Village of Wappingers Falls, 220 AD3d 731, 732). Once that showing is made, the burden shifts to the plaintiff to demonstrate that the City affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit (see Goodman v City of New York, 230 AD3d at 1116-1117; Canaday v Village of Wappingers Falls, 220 AD3d at 732).

Maps prepared by Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple) and filed with the City Department of Transportation serve as prior written notice of defective conditions depicted thereon (see Katz v City of New York, 87 NY2d at 243; Nieves v City of New York, 216 AD3d 800, 801). "Big Apple is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with the Pothole Law" (D'Onofrio v City of New York, 11 NY3d 581, 584; see Nieves v City of New York, 216 AD3d at 801). "It does so through maps on which coded symbols are entered to represent defects" (D'Onofrio v City of New York, 11 NY3d at 584; see Nieves v City of New York, 216 AD3d at 801).

Here, the City established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by demonstrating, through a search of the City Department of Transportation records and maps served on the City Department of Transportation by Big Apple, that the City did not receive prior written notice of the alleged defect which caused the plaintiff's fall (see Nieves v City of New York, 216 AD3d at 801; Cuccia v City of New York, 22 AD3d at 516). Contrary to the plaintiff's contention, the defect shown on the relevant Big Apple map was not in the same location as the location alleged by the plaintiff where her fall occurred, and, therefore, the map did not provide the City prior written notice (see Nieves v City of New York, 216 AD3d at 801-802; Cuccia v City of New York, 22 AD3d at 516). In opposition, the plaintiff failed to raise a triable issue of fact, inter alia, as to whether the City had prior written notice of the alleged defect or whether the City affirmatively created the alleged defect (see Goodman v City of New York, 230 AD3d at 1117; Amer v City of New York, 166 AD3d 571, 572).

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the amended complaint insofar as asserted against it .

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court